Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL O'NEILL, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>PHOENIX FINANCIAL SERVICES, LLC and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

MICHAEL O'NEILL
129 Sussex Street
Harrison, New Jersey 07029

PHOENIX FINANCIAL SERVICES, LLC
8902 Otis Avenue, Suite 103A
Indianapolis, Indiana 46216

## PRELIMINARY STATEMENT

2.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and

through his attorneys, alleges that the Defendant, PHOENIX FINANCIAL SERVICES, LLC

("PHOENIX FINANCIAL") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      PHOENIX FINANCIAL maintains a location at 8902 Otis Avenue, Suite 103A, Indianapolis, Indiana 46216.

8.      PHOENIX FINANCIAL uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      PHOENIX FINANCIAL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from PHOENIX FINANCIAL which included the alleged conduct and practices described herein.

> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that

violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**)**.** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.   These common questions of law and fact include, without limitation:

   i.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:   15 U.S.C. § 1692e *et seq.*  and 15 U.S.C. § 1692g *et seq.*;

   ii.   Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv.   Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.     A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.     Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.     At some time prior to August 27, 2018, Plaintiff allegedly incurred a financial obligation to EMERGENCY PHYSICIANS ASSOC ("EMERGENCY PHYSICIANS").

19.     The EMERGENCY PHYSICIANS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.     Plaintiff incurred the EMERGENCY PHYSICIANS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.     The EMERGENCY PHYSICIANS obligation did not arise out of a transaction that was for non-personal use.

22.     The EMERGENCY PHYSICIANS obligation did not arise out of a transaction that was for business use.

23.     The EMERGENCY PHYSICIANS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     EMERGENCY PHYSICIANS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.     At some time prior to August 27, 2018, the EMERGENCY PHYSICIANS obligation was placed with Defendant for the purpose of collection.

26.     At the time the EMERGENCY PHYSICIANS obligation was placed with Defendant for the purpose of collection the EMERGENCY PHYSICIANS obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

27.     Defendants caused to be delivered to Plaintiff a letter dated August 27, 2018, which was addressed to Plaintiff and sought a balance of $1258.00.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28.     The August 27, 2018 letter was sent to Plaintiff in connection with the collection of the EMERGENCY PHYSICIANS obligation.

29.     The August 27, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     The August 27, 2018 letter is the initial written communication sent from Defendant to the Plaintiff concerning the EMERGENCY PHYSICIANS obligation.

31.     Upon receipt, Plaintiff read the August 27, 2018 letter.

32.     Defendant's toll free telephone number (855-342-6567) appears at least three times in the August 27, 2018 letter.

33.     The August 27, 2018 letter stated in part:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office, in writing, within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

34.     Section 1692g(a)(3)of the FDCPA requires to debt collector to:

Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---

(3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

35.     Defendant's letter was designed so that Plaintiff would call Defendant concerning the debt, which would include Plaintiff calling Defendant regarding disputes Plaintiff may have concerning the debt.

36.     Defendant's letter does not advise Plaintiff that all disputes must be in writing to be effective.

37.     The Defendant's statement that "_If_ you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt…" suggests a dispute in writing is a choice or option rather than a requirement. See Cadillo v. Stoneleigh Recovery Assocs., LLC,

2017 U.S. Dist. LEXIS 210870 (D.N.J. 12/21/17); Poplin v. Chase Receivables, Inc., 2018 U.S.

Dist. LEXIS 218818 (D.N.J. Sept. 26, 2018).

38.    A dispute of a debt, to be effective, in the Third Circuit, must be in writing.

*Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery*

*Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

39.    PHOENIX FINANCIAL knew or should have known that its actions violated the

FDCPA.

40.    Defendants could have taken the steps necessary to bring their actions within

compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to

ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

41.    It is Defendants' policy and practice to send written collection communications, in

the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a)    Using false, deceptive or misleading representations or means in connection
          with the collection of a debt;

   (b)    Using false representations or deceptive means to collect or attempt to
          collect any debt; and

   (b)    Failing to provide the consumer with  proper notices pursuant to 15
          U.S.C. §1692g(a) et seq.

42.    Defendants have sent written communications in the form annexed hereto as

**Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this

Complaint.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §
## 1692 *et seq.*  VIOLATIONS

43.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

44.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45.    Defendants' attempt to collect the alleged debt violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692e; § 1692e(10)(A); and § 1692g(a) et seq.

46.    The August 27, 2018 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such disputes _must_ be in writing.

47.    The least sophisticated consumer upon reading the August 27, 2018 letter would be confused as to what he or she must do to effectively dispute the alleged debt.

48.    The least sophisticated consumer wishing to dispute the alleged debt would be confused as to what steps he or she should take to notify Defendants of his or her dispute and might erroneously believe that the debt could simply be disputed with a phone call.

49.    The least sophisticated consumer upon reading the instructions in the August 27, 2018 letter would be misled into believing that if he or she wished to effectively dispute the alleged debt or any portion thereof, he or she (1) could notify the Defendant by calling the telephone number provided: or (2) could write to Defendant at the address listed on the letter.

50.    Defendants' instructions in the August 27, 2018 letter would cause the least sophisticated consumer to be confused and uncertain as to what he or she must do to effectively dispute the alleged debt.

51.    Defendants' instructions in the August 27, 2018 letter would cause the least sophisticated consumer to believe that he or she could effectively and legally dispute the alleged debt by calling the telephone number provided.

52.    A dispute of a debt, to be legally effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

53.    The Third Circuit uses the "least sophisticated consumer" standard to determine whether a validation notice is overshadowed or contradicted.

54.    Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

55.    Defendants violated 15 U.S.C. § 1692e(10) by falsely representing and misleading Plaintiff and others similarly situated into believing that if he or she wished to dispute the alleged debt or any portion thereof, that he or she may either: (1) notify Defendants by calling the telephone number provided; or (2) write to Defendants at the address listed in the letter, because calls are legally ineffective to dispute debts.

56.    The August 27, 2018 letter is deceptive because the instructions can be read to have two or more different meanings one of which is inaccurate, that is that Plaintiff could have disputed the debt by making a telephone call.

57.    The August 27, 2018 letter can be read to mean that the alleged debt may be disputed by calling Defendants at the telephone number provided.

58.    The August 27, 2018 letter can also be read to mean that the alleged debt can be disputed by notifying Defendants in writing at the address provided.

59.     Defendants violated 15 U.S.C. § 1692g(a) and § 1692g(a)(3) by employing language (dispute debt by phoning) that overshadowed, contradicted and confused the Validation Notice of the August 27, 2018 letter thereby ineffectively and erroneously communicating to the Plaintiff what actions were needed to dispute the alleged debt.

60.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

61.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

62.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

63.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

64.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

65.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

       (f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

       (g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 16, 2019

Respectfully submitted,

By: *s/ Ben A. Kaplan*

Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: March 16, 2019

*s/ Ben A. Kaplan*

Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff